PER CURIAM:
Claimant seeks an award of $6,934.20 for damages sustained by his 1979 Pontiac TransAm which was involved in a single-car accident on Route 52 at the Wayne-Mingo County line near Kermit, West Virginia, on November 20, 1982. Claimant alleges that as he entered a curve on Route 52, he encountered coal deposits extending into the *36 road which caused him to lose control of the vehicle. The automobile slid into a hillside, overturned, and was rendered a total loss.
Larry E. Wood, an insurance adjuster and investigator, visited the accident scene with claimant on November 21, 1982. Mr. Wood testified that he measured the coal in the roadway and found that it extended approximately 200 feet down the road. The coal extended as much as five feet, six inches into the roadway, and was up to three inches deep. The coal was up to seven inches deep on the berm. Photographs introduced into evidence show the extent of the coal deposits on Route 52.
David M. Ramey, an officer with the Kermit Police Department at the time of the accident, testified that he went to the site of the accident and viewed coal in the road. Officer Ramey stated that the curve was a recognized trouble spot. When asked how long coal had been in the road, he replied, “I couldn’t basically tell how long it had been there but it’s been there I’d say a year anyway, different times. Maybe not this particular pile but there is coal trucks going down through there every day.” Bruce Stroud, with the Mingo County Sheriff’s Department, who was also on the scene, testified the coal had been present “a long time.” Neither had reported the condition to respondent.
Curtis Asbury, Wayne County Maintenance Supervisor, testified that he travelled Route 52 an average of once every two months and had not viewed coal in the travelled portion of the roadway. He also stated that his office had not received any complaints concerning coal in the roadway at the site of the accident.
This Court has repeatedly held that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. The testimony presented indicated that the coal on Route 52 came from coal trucks which travel on that highway. There was no evidence that respondent had actual knowledge of the condition of Route 52 at the accident site. However, the testimony also indicated that this condition was of long-standing duration, during which time respondent should have learned of its existence and taken corrective measures. The Court is constrained to find that claimant was also negligent in failing to notice the coal deposit until he was upon it. Photographs introduced into evidence clearly show coal in the distance looking down Route 52. The Court, under the doctrine of comparative negligence, reduces claimant’s award by 25%, and, therefore, makes an award of $4,953.00. This award is based on the value of the vehicle, $8,161.25, less the salvage value of $1,557.25.
Award of $4,953.00.